POINSETT LUMBER & MANUFACTURING COMPANY *v.* DUNCAN.

Opinion delivered December 12, 1927.

1. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—The jury's finding that an employee's injury resulted from the negligence of an employer, *held* supported by evidence.

2. MASTER AND SERVANT—ASSUMED RISK.—Where an employee of a lumber and manufacturing company was injured at his work by falling over broken pieces of veneering, which it was the duty of another employee to remove, the risk was not one that was assumed by the injured employee.

Appeal from Crittenden Circuit Court; *G. E. Keck,* Judge; affirmed.

*N. F. Lamb,* for appellant.

*T. H. Caraway* and *C. T. Carpenter,* for appellee.

SMITH, J.  Appellee recovered judgment in the court below for damages to compensate an injury which he sus-

tained while employed by the appellant lumber and manufacturing company, a corporation, hereinafter referred to as the company.

At the time of appellee's injury he was working at a veneering machine, and his injury, according to the testimony offered in his behalf, was occasioned in the following manner. Bolts, which had been previously "steamed," were placed upon a revolving lathe, and, as the lathe turned, the bolts were cut into strips 3/16 of an inch thick, and it was the duty of appellee and a fellow-servant named McCullough to carry these strips from the lathe down a table adjacent to the lathe, and, when the strips had been cut to the desired length, another employee broke the strip by striking it with a stick, and the strip was then spread out its full length on the table. In spreading the strip of veneering on the table it was necessary for the employee carrying it to walk backward from the lathe towards the end of the table, the speed at which he walked being measured by the rapidity with which the lathe revolved. When one strip of veneering was placed in position the next strip cut was placed on top of it, and a pile of veneering was thus accumulated, and as the employee carried each strip he walked on top of this pile. As the employee was compelled to walk backward in carrying the strip, it was not possible or practicable for him to look back as he walked, and he would not therefore know whether any knots or slivers from the veneering had fallen in his path from the preceding piece of veneering placed in position by his fellow-servant. He could observe the strip he was carrying, and if he saw a knot or sliver on that piece it was his duty to remove it, so that the path of the employee carrying the next strip would be clear. It was necessary to do this to prevent the thin strips from buckling, and for the protection of the men carrying the strips, as the testimony showed that these strips were very slick, and it was dangerous to step on a sliver or knot as the employee walked backward.

Appellee testified that McCullough had carried and placed one of these strips in position, but, in doing so, had failed to remove a sliver from the veneering on that strip, as his duty required him to do, and that when he (appellee) started from the lathe with the next strip, he stepped on this sliver, which slipped from under him, and he was thrown on the table with such force that his hip was broken in the fall.

It was the theory of the company that it was the duty of both appellee and McCullough to watch for any particle from the blocks of wood which might be thrown on the strips of veneering as they were cut and to remove these particles, and, as these particles were likely to be thrown out at any time, the danger arising from their presence was one of the assumed risks of the employment, and also that it was appellee's duty to watch for these particles, whether they were on the strip carried by him or by his fellow-servant, and, if he failed to do so and to remove the particle upon which he slipped, he was guilty of contributory negligence.

It appears therefore that the issues in the case are very simple. The court defined negligence, contributory negligence and assumption of risk, in instructions to which no objection was made. The court gave an instruction which stated the issues, in which the jury was told that appellee contended that his injury was due to the failure of McCullough to remove the broken piece of veneering upon which appellee slipped, whereas the company contended that appellee's injury was caused by his own negligence in failing to properly clear the table himself, and that appellee's injury was the result of a risk and danger ordinarily incident to the employment which did not result from any negligence of the company.

Another instruction required the jury to find that it was the duty of McCullough to remove the broken piece of veneering before convicting the company of negligence, but that the company would be negligent if McCullough was under this duty, and failed to perform it, and this failure resulted in appellee's injury.

It is of course not contended that appellee assumed the risk of injury from McCullough's negligence, so that the real question in the case is, who was responsible for the presence of the broken piece of veneering and the failure to remove it which caused appellee to fall?

The jury has found, under instructions submitting that question, that this duty rested upon McCullough, and not upon appellee. Therefore this was a risk which appellee did not assume, and, as the testimony supports the finding that appellee was injured as a result of the company's negligence, the judgment must be affirmed, and it is so ordered. No complaint is made that the judgment is excessive.

Judgment affirmed.